IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| FOSTER MILLER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-531 |
| § | |
| KEVIN GROS MARINE, INC., KEVIN § | |
| GROS OFFSHORE, LLC, and KEVIN § | |
| GROS CONSULTING AND MARINE § | |
| SERVICE, INC., § | |
| § | |
| Defendants. § | |

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER CASE TO THE
EASTERN DISTRICT OF LOUISIANA**

This case arises out of alleged injuries sustained by Foster Miller ("Plaintiff") when he unsuccessfully jumped a fence in an effort to return to his vessel, the M/V SEABROOKE. Now before the Court is Defendants Kevin Gros Marine, Inc.'s, Kevin Gross Offshore, L.L.C.'s, and Kevin Gros Consulting and Marine Service, Inc.'s (collectively "Defendants") Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(2) for Lack of Personal Jurisdiction, or Alternative Motion to Transfer Venue to the Eastern District of Louisiana. For the reasons stated below, the Court finds that the circumstances of this case overwhelmingly support transfer to the Eastern District of Louisiana, and Defendants' Motion to Transfer is hereby **GRANTED**.[1]

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

**I. Background**

On or around July 30, 2005, Plaintiff was injured in the course of returning to his vessel. At the time of the alleged accident, Plaintiff was employed as a seaman by Kevin Gross Offshore, L.L.C., and was assigned to the M/V SEABROOKE, a vessel owned and operated by Kevin Gross Offshore, L.L.C. The M/V SEABROOKE was docked at the MI/SWACO dock in Fouchon, Louisiana. Defendants claim that Plaintiff was returning from shoreleave and was inebriated when he attempted to return to the vessel. Due to Plaintiff's inebriation, the dock's security guard on duty, Stephanie Tastet, denied Plaintiff access to the vessel. Access to the M/V SEABROOKE was restricted by security personnel and by two fences surrounding the property. One of the fences was next to a ditch filled with water. Defendants claim that after being denied access to the dock, Plaintiff jumped the fence next to the ditch, he then fell into the water and broke his ankle. Plaintiff received medical attention and was subsequently arrested by Officers Brent Constranstich and R.B. Chaisson.

Plaintiff denies that he was inebriated at the time of the accident, and claims that he was traveling with members of his crew when they were refused the opportunity to return to the SEABROOKE. Plaintiff claims that Captain Larson, the captain of the M/V SEABROOKE, instructed the crew to jump the fence because they had to return to their vessel without further delay.

**II. Motion to Transfer**

Defendants seek to dismiss Plaintiff's claims against them for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2), and they alternatively move this Court to transfer this case to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404. The Court finds that the circumstances

of this case overwhelmingly support the transfer of this litigation to the Eastern District of Louisiana.[2]

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

**III. Analysis**

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors"

---

[2] Kevin Gros Consulting, L.L.C. is a Louisiana corporation with its principal place of business in Larose, Louisiana, located in Lafourche Parish within the Eastern District of Louisiana.

in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendants argue that the availability and convenience of key witnesses would be increased by transfer to the Eastern District of Louisiana, and the Court agrees. Defendants have identified several key witnesses and provided brief outlines of their expected testimony. First, Defendants have identified Stephanie Tastet, the security guard at the MI/SWACO dock where the accident occurred. She allegedly prevented Plaintiff from returning to the M/V SEABROOKE due to his intoxicated state. Ms. Tastet resides in Lockport, Louisiana, within the Eastern District of Louisiana. More important, Ms. Tastet is not an employee of Defendants and her testimony at trial cannot be compelled. *Cf. Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight). Second, Defendants have identified Captain Larson, who was allegedly intoxicated with Plaintiff at the time of the accident. He is no longer an employee of Defendants, and thus they cannot compel his attendance at trial. However, Captain Larson is a Texas resident but he works in Louisiana for C & E Marine and has retained local counsel from Louisiana. Third, Defendants have identified Dr. Schulte, a Louisiana resident who initially treated Plaintiff. Defendants claim that Plaintiff did not follow Dr. Schulte's medical recommendations and that he refused to go to physical therapy. His testimony cannot be

compelled at trial. Fourth, Defendants have identified Scott Richard, a dock employee who helped Plaintiff after he jumped the fence. He is a Louisiana resident, but he is not an employee of Defendants and his testimony cannot be compelled. Fifth, Defendants have identified Officers Brent Constranstich and R.B. Chaisson, the Port Fouchon police officers who arrested Plaintiff after he jumped the fence and was treated for his injuries. Both individuals are residents of Louisiana and their testimony cannot be compelled. Finally, Defendants have identified several other MI/SWACO dock employees, all of whom are Louisiana residents and whose testimony cannot be compelled at trial.

Plaintiff responds that his current treating physicians as well as his economist reside in the Southern District of Texas. Plaintiff can compel his economist, who will provide expert testimony on damages, to attend trial. Plaintiff has not shown why it would not be able to compel his current treating physicians to attend trial in Louisiana. Additionally, Plaintiff complains that Captain Larson is a Texas resident. While this is so, Captain Larson also continues to work in Louisiana and has retained local counsel in Louisiana. While Captain Larson will undoubtedly give key testimony at trial, Plaintiff has not shown that his convenience (which is not at all clear given that he allegedly resides in Texas and works in Eastern Louisiana) should outweigh the convenience of all the other witnesses identified by Defendants who are Louisiana residents, and who cannot be compelled to attend trial. Defendants have shown that on balance, the availability and convenience of key witnesses will be substantially increased if this case were transferred to the Eastern District of Louisiana. Therefore, this factor supports transfer.

*B. Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses*

Parties to litigation face unavoidable costs in almost every case that goes to trial. *See Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997). Furthermore, it is "rare that the forum in which the case is litigated is the most convenient or least costly for all the parties involved." *Id.* In this case, Defendant has shown that nearly all of the witnesses reside in the Western District of Louisiana, far closer to New Orleans than to Galveston, Texas. Furthermore, this incident occurred solely in Louisiana and has no connection to Texas. It is reasonable to infer that litigating this dispute in New Orleans, Louisiana, as opposed to Galveston, Texas, will diminish trial costs. *See McGinnis v. Eli Lilly and Co.*, 181 F. Supp. 2d 684, 690 (S.D. Tex. 2002); *Smirch v. Allied Shipyard, Inc.*, 164 F. Supp. 2d 903, 913 (S.D. Tex. 2001). This factor supports transfer.

C. *Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Defendants have not given the court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

D. *Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference, but the choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See, e.g.*, *Robertson*, 979 F. Supp. at 1109 (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff is a resident of Louisiana. Other than the location of Plaintiff's treating physicians and expert economist, individuals that Plaintiff came into contact with after he incurred his injuries, this lawsuit has absolutely no connection to this Division or even the Southern District of Texas. Under the

circumstances present in this case, Plaintiff's choice of forum is entitled to little or no deference. *See id.* This factor does not weigh for or against transfer.

*E. Place of the Alleged Wrong*

The place of the alleged wrong is one of the more important factors in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106. The alleged wrong took place in Fouchon, Louisiana, within the Eastern District of Louisiana. The incident giving rise to this lawsuit occurred entirely within Louisiana, the alleged injury was to a Louisiana resident, and the defendants are all Louisiana corporations. The residents of this Division have little, if any, interest in the outcome of this case, whereas the interest of the residents of the Eastern District of Louisiana is clear. This factor supports transfer.

*F. Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). Defendants in this case sought transfer shortly after the trial date in this matter was set, and discovery has only just begun. Defendants argue that there is no clear and convincing evidence suggesting that transferring the case would cause significant delay or prejudice. Plaintiff argues that if this case is transferred, it will move to the "back of the line" and lose the benefit of this Court's tendency to resolve cases in a speedy and efficient manner. While the Court appreciates Plaintiff's desire to remain before it, he has not shown

that a transfer at this stage of the proceedings would cause significant delay or prejudice. Therefore, this factor supports transfer.

### IV. Conclusion

After examining the relevant venue factors, coupled with the specific facts of this lawsuit, the Court concludes that Defendants have carried their burden of demonstrating that transferring this case to the Eastern District of Louisiana would increase the convenience of all involved, and that transfer would be in the interests of justice. For these reasons, and those outlined above, Defendants' Motion to Transfer Venue is **GRANTED**, and it is **ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Eastern District of Louisiana. All Pending Motions not yet addressed by the Court are hereby **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 20th day of April, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge